The opinion of the Court was delivered by
Nott, J.
The only question tendered by the issue in this case, was, whether the defendant had promised to pay the debt within four years previous to the commencement of the action. And proof of such a promise would have supported the replication. But when the time of issuing the first writ is material, it must be replied specially. Tinje, place, and other circumstances, when material, must be set forth with the same certainty and precision as in the previous pro *103 ceedings; 1 Chit., 624. And it is not only necessary to state the time of issuing the first writ, but the return and continuances must be stated : Smith v. Bower, 3 T. R., 662. Harris qui tam v. Woolford, 6 T. R., 617. 1 Esp. Dig., 153 Hodsden v. Harridge, 2 Saund., 63 Wm.’s Ed. Stanway qui tam v. Perry, sheriff, 2 Bos. & Pul., 157.
2. An alias ought to be tested at the return of the original capias, and made returnable to the next ensuing term. A case is out of Court when the proceedings have been suspended more than a year. And by no fiction of law could an alias, issued on the 6th of December, 1809, have a retrospect to an original, lodged *the 15th December, 1805; vide 2 Dall., 378, U. St. v. Parker, et al.[1]
3. But lastly, there was no return to the first writ issued in this case.
A return is necessary to complete the connection between the original and the alias. And the return must purport something capable of being understood without evidence aliunde. The letters N. E. I. have no meaning; and even that return, imperfect as it is, is not signed by the sheriff. It is therefore a mere unintelligible memorandum, from which, perhaps, the sheriff might have made out a return; but it cannot be regarded by the Court as such : Impey’s Sheriff, 439.
The motion must be refused.
Colcock and Johnson, JJ., concurred.
Cheves, J.,
gave no opinion, having been of counsel in the case.

 3 McC. 282.
Ante, 127. 2 McC. 315.